IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


**KEVIN S.,**[1]

      Plaintiff,

      v.

**COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

Civ. No. 6:18-cv-01463-CL

**OPINION AND ORDER**

_____

MARK D. CLARKE, Magistrate Judge.

      Plaintiff Kevin S. seeks judicial review of the final decision of the Commissioner of the

Social Security Administrations denying his applications for Title II Social Security disability

and disability insurance benefits (DIB) pursuant to 42 U.S.C. § 423 and Title XVI Supplemental

Security Income (SSI) pursuant to 42 U.S.C. § 1382c. For the reasons below, the

Commissioner's decision is AFFIRMED.

_____

[1]In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party or parties in this case.

## BACKGROUND[2]

Plaintiff Kevin S. was 47 years old on the alleged onset date of August 8, 2014, and 50 years old on the ALJ decision date of July 14, 2017. Tr. 18, 25, 26. He has a limited education, but previously worked as an equipment operating engineer, as well as a cashier checker and automobile service station attendant. Tr. 24, 25, 257. Plaintiff alleges disabling functional limitations resulting from physical impairments relating to his hip and knee, as well as tachycardia. He does not allege having any mental impairments. The ALJ determined he had the residual functional capacity to perform less than the full range of light work with additional lower extremity, postural, and environmental limitations. Tr. 22.

On November 24, 2014, Plaintiff protectively filed a Title II application for a period of disability and disability insurance benefits. Plaintiff also protectively filed a Title XVI application for supplemental security income on November 24, 2014. In both applications, the Plaintiff alleged disability beginning August 8, 2014. These claims were denied initially on May 19, 2015, and upon reconsideration on September 2, 2015. Tr. 18. A hearing was held, and on July 14, 2017, an ALJ denied the claims. Tr. 15. The Appeals Council refused to review the denial on June 6, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act."

[2] The following recitation constitutes a summary of the pertinent evidence within the Administrative Record and does not reflect any independent finding of fact by the Court. Citations to "Tr." refer to the page(s) indicated in the official transcript of the administrative record filed herein as Docket No. 12.

*Keyser v. Comm'r. Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially

dispositive. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The five-step sequential process asks

the following series of questions:

1.  Is the claimant performing "substantial gainful activity"? 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. §§ 404.1510; 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2.  Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1521(a); 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. §§ 404.1509; 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.  Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds to the "residual functional capacity" ("RFC") assessment.

    a.  The ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's RFC. This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 404.1520(e); 404.1545(b)-(c); 416.920(e); 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.  Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R.

§§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v); 404.1560(c); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954-55 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 954. The Commissioner bears the burden of proof at step five. *Id.* at 953-54. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999) (internal citations omitted); *see also* 20 C.F.R. §§ 404.1566; 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If, however, the Commissioner proves that the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 954-55; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

Applying the above analysis, the ALJ made the following findings:

1. Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2017.

2. Plaintiff did not engage in substantial gainful activity from the alleged onset date of August 8, 2014.

3. Plaintiff has the following severe impairments: right hip osteoarthritis, chronic right knee strain and history of tachycardia.

4.  Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.

5.  Plaintiff has the RFC to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is limited to sitting up to six hours, standing and/or walking for a total of about two hours in an eight-hour day, with normal breaks. The claimant is limited to no more than frequent bilateral foot control operation. The claimant is limited to no more than occasional climbing of ramps or stairs and no climbing of ladders, ropes, or scaffolds. The claimant is limited to no more than frequent stooping and no more than occasional balancing, kneeling, crouching, and crawling. The claimant must avoid all unprotected heights

6.  Plaintiff is unable to perform any past relevant work.

7.  The claimant was born on April 12, 1967 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 404.1563 and 416.963).

8.  The claimant has a limited education and is able to communicate in English.

9.  The claimant has acquired work skills from past relevant work (20 CFR 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR 404.1569, 404.1569(a), 404.1568(d), 416.969, 416.969(a), and 416.968(d)).

Consequently, the ALJ concluded Plaintiff not disabled as defined by the Social Security Act. Tr. 26.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "'Substantial evidence' means 'more than a mere scintilla but less than a preponderance,' or more clearly stated, 'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

Where the evidence before the ALJ is subject to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Batson*, 359 F.3d at 1198 (citing *Andrews*, 53 F.3d at 1041). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock*, 879 F.2d at 501). Additionally, a reviewing court "cannot affirm the [Commissioner's] decision on a ground that the [Administration] did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citations omitted). Finally, a court may not reverse an ALJ's decision on account of an error that is harmless. *Id.* at 1055-56. "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

Even where findings are supported by substantial evidence, "the decision should be set aside if the proper legal standards were not applied in weighing the evidence and making the decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42 U.S.C. § 405(g), the reviewing court has the power to enter, upon the pleadings and transcript

record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff presents the following issues:

1. Did the ALJ properly evaluate Plaintiff's subjective pain testimony?

2. Did the ALJ err by relying on expert testimony by the Vocational Expert.

The Court finds that the ALJ properly evaluated the all of the evidence, including the testimony by the VE. The ALJ's decision should be affirmed.

I. **The ALJ properly evaluated Plaintiff's subjective complaints and substantial evidence supports the ALJ's analysis.**

When deciding whether to accept the subjective symptom testimony of a claimant, the ALJ must perform a two-stage analysis. In the first stage, the claimant must produce objective medical evidence of one or more impairments which could reasonably be expected to produce some degree of symptom. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The claimant is not required to show that the impairment could reasonably be expected to cause the severity of the symptom, but only to show that it could reasonably have caused some degree of the symptom. *Id.*

In the second stage of the analysis, the ALJ must consider the intensity, persistence, and limiting effects of the alleged symptoms based on the entire record. SSR 16-3p at *7-8. The ALJ will consider the "[l]ocation, duration, frequency, and intensity of pain or other symptoms" reported by the claimant, any medical sources, and any non-medical sources. *Id.* The ALJ's decision must contain "specific reasons for the weight given to the individual's symptoms, be consistent with and support by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.*

Additionally, the evidence upon which the ALJ relies must be substantial. *See Reddick*, 157 F.3d at 724; *Holohan v. Massinari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991). The ALJ must also "state specifically which symptom testimony" is being rejected and what facts lead to that conclusion. *Smolen v. Charter*, 80 F.3d 1273, 1284 (9th Cir. 2009) (citing *Dodrill*, 12 F.3d at 918). In rejecting claimant's testimony about the severity of her symptoms, the ALJ must give "specific, clear and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1029, 1036 (9th Cir. 2007)).

In this case, the ALJ applied the requisite two-step framework and cited specific, clear, and convincing reasons for discounting portions of Plaintiff's subjective symptom testimony. Plaintiff alleges he is disabled due to functional limitations resulting from right hip arthritis. Tr. 241. In his function report, Plaintiff alleged difficulty with standing or walking for "long period[s]," as well as kneeling, lifting heavy items, or sitting for long periods. Tr. 249. He reported being able to walk only 200 feet before needing to rest for at least 10 minutes. Tr. 254. At the hearing, Plaintiff complained of lower extremity pain with sitting and standing. Tr. 39-46. The ALJ considered Plaintiff's subjective allegations within the context of the record, but concluded they were not consistent with the record for several reasons, including (a) the objective findings in the medical evidence, (b) improvement with conservative treatment, and (c) evidence of Plaintiff's activities of daily living. Tr. 23. These are specific, clear, and convincing reasons to discount the severity of Plaintiff's alleged limitations.

### a. Objective Findings

The ALJ found Plaintiff's subjective complaints were not reasonably consistent with the medical evidence. Tr. 23. In evaluating a claimant's statements, an ALJ must "determine the

extent to which [the claimant's] alleged functional limitations and restrictions due to pain and other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings." 20 C.F.R. § 404.1529(a); *see also Bray*, 554 F.3d at 1227.

Here, despite complaints of pain and difficulty with exertional maneuvers, the ALJ chronicled musculoskeletal findings during the period showing full lower extremity strength, mild or no tenderness, no weakness, and unremarkable neurologic findings. Tr. 23 (*citing* Tr. 312 (April 2015), 337 (June 2015), 348 (March 2015)); *see also* Tr. 431 (walks without assistance, removes shoes without assistance), 432 (May 2017). These medical findings are consistent with the residual functional capacity for a reduced range of light work plus lower extremity and postural restrictions. They support the ALJ's finding that Plaintiff was not as functionally restricted as he had alleged.

### b. Improvement with conservative treatment

The ALJ also relied on Plaintiff's positive response to conservative treatment. Tr. 23. The effectiveness of treatment or medication is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. § 404.1529(c)(3). Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007).

Here, the ALJ noted that Plaintiff treated his pain with ice and heat, which, he reported to his doctor, had helped. Tr. 23 (citing Tr. 374 ("Previous treatments which helped include ice, heat.")); *but see* Tr. 46 (testifying that "nothing," including heat/ice, helps his pain). In addition, Plaintiff testified that he only takes over-the-counter medication. Tr. 40. The ALJ properly considered Plaintiff's improvement with conservative treatment to evaluate his subjective pain allegations.

## c. Activities of Daily Living

Finally, the ALJ determined that Plaintiff's daily activities were inconsistent with the severity of his allegations. The Court agrees with Plaintiff that it is improper for an ALJ to reject disabling limitations based on a claimant's attempts at leading a normal life. "One does not need to be utterly incapacitated or sit in bed all day in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1049-50 (9th Cir. 2001) (citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989)). The Ninth Circuit has explained that:

> The critical differences between activities of daily living and activities in a fulltime job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . ., and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

*Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014) (quoting *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012)). However, it is also true that the Ninth Circuit has upheld the evaluation of a Plaintiff's daily activities to discredit subjective symptoms to the extent that they contradict claims of a totally disabling impairment. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment").

Here, the ALJ noted Plaintiff handles meal preparation and light household chores, such as dishes, laundry, cleaning, and sweeping. Tr. 23, 252, 431. In addition, he drives and runs errands independently, leaving his home several times per day. Tr. 23, 252, 431. These activities are directly related to his physical ability to do light work and the ALJ was entitled to evaluate them as inconsistent with the severity of his alleged limitations.

These are specific, clear, and convincing reasons to discount the severity of Plaintiff's symptoms. The ALJ properly evaluated Plaintiff's subjective symptom testimony. Additionally, the residual functional capacity limits Plaintiff to a limited range of light work, with foot control and postural limitations. Tr. 22. Thus, the RFC properly takes into account Plaintiff's limitations that are supported by substantial evidence in the record. The decision is affirmed.

## II. The ALJ properly considered the testimony of the Vocational Expert at Step Five.

At step five, the burden shifts to the Commissioner to establish a significant number of jobs that exist in the national economy that claimant can do. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The Commissioner can meet that burden by relying testimony from a vocational expert. 20 C.F.R. § 404.1566(e); Social Security Ruling (SSR) 00-4p, available at 2000 WL 1898704; *Osenbrock v. Apfel*, 240 F.3d 1157, 1162 (2001). The ALJ met the burden in this case by relying on the vocational expert's testimony regarding Plaintiff's past work, transferable skills, and the job that Plaintiff could perform. Tr. 24-26, 47-53.

Plaintiff claims that the ALJ erred by relying on the Vocational Expert (VE) because the VE's transferable skills analysis was flawed. Plaintiff claims that his past work as a cashier checker was misclassified by the VE, which caused the VE to find that he had "transferable skills," including "cash handling, ability to count, receive payments, and customer service." Plaintiff claims that these are not "skills" as defined by SSR 82-41. However, Plaintiff admits that his previous job description includes, "operate cash register, receives cash from customers for items they buy, make change, cash checks, issue receipts to customers, count and verify all registers." Therefore, the Court finds no error in the VE analysis, and if error exists, it was harmless.

Plaintiff also takes issue with the level of math the VE assumed him capable of computing, based on Plaintiff's past work history. Here, the job tasks of cashier checker (Tr. 24 (DOT 211.462-014, available at 1991 WL 671841) (operating register, reviewing price sheets, recording prices, collecting cash, etc.), and Plaintiff's own description of past work as involving operating a register, making change, cashing checks, and verifying all registers, are substantially similar to those of a check cashier (DOT 211.462-026, available at 1991 WL 671844) (cashes checks, prepares money orders, receives payments, collects and records fees)). Tr. 25. Plaintiff has alleged no issue with performing mathematics—rather, he wrote in his function report that he can pay bills, count change, handle a financial account, and use a checkbook or money orders. Tr. 253. The main difference between the jobs appears to be the exertional level, which is consistent with the ALJ's determination of the Plaintiff's RFC.

Finally, Plaintiff has not alleged any mental limitations, and there is no indication that he cannot perform mathematics. The job tasks for the two positions are so similar that any difference in their mathematics reasoning level would not affect Plaintiff's ability to perform the job. Therefore, the Court finds no error, and, if there is any error in this reasoning, it is harmless.

## ORDER

Based on the foregoing, the decision of the Commissioner is AFFIRMED, and the matter is dismissed.

It is so ORDERED and DATED this 22nd day of June, 2020.


/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge